Case 2:21-cv-00007   Document 17   Filed on 05/17/21 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
May 17, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BUZZ BEGIER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-7 |
| | § | |
| DIRECTOR, TDCJ-CID, *et al*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND RECOMMENDATION

Petitioner, Buzz Begier, is a state prisoner incarcerated at the Michael Unit in Tennessee Colony, TX. (D.E. 1). Proceeding *pro se*, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his three 2012 Nueces County convictions for indecency with a child. (D.E. 1, Page 2). Pending is Respondent's Motion for Summary Judgment filed on April 9, 2021. (D.E. 15).[1] Petitioner has failed to file a timely response. For the reasons stated below, it is respectfully recommended the Court **GRANT** Respondent's Motion for Summary Judgment (D.E. 15) and **DISMISS** this action as time barred. The undersigned further recommends the Court **DENY** a Certificate of Appealability.

---

[1] Defense counsel did not comply with the undersigned's January 25, 2021 Order by failing to reference docket entries rather than state court record page numbers. (D.E. 7, Page 3). However, given the limited number of references in the pending Motion, the undersigned did not strike it for failure to comply. In any future cases, defense counsel shall comply with all Court orders.

## I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241 and 2254. A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000). Jurisdiction and venue are proper in this Court because Petitioner was convicted within the Corpus Christi Division of the Southern District of Texas. *Id.*; 28 U.S.C. § 124(b)(6).

## II. BACKGROUND

On August 22, 2011, Petitioner pled guilty to three counts of indecency with a child and was sentenced to seven years deferred adjudication probation. (D.E. 16-4, Pages 8-19 and D.E. 16-6, Pages 34-54 and 86-87). On October 6, 2011, the State filed a motion to revoke for several violations including theft, trespass, failure to report and failure to register as a sex offender. (D.E. 16-6, Pages 55-57). On January 19, 2012, after pleading true to failure to report and to register as a sex offender, Petitioner was sentenced to 20 years' imprisonment on each of the three counts, sentences to run consecutively. (D.E. 16-6, Pages 72-73 and 80-81 and D.E. 16-5, Pages 108-109).

Petitioner appealed this conviction, which was affirmed by the Thirteenth District Court of Appeals on April 11, 2013. *Begier v. State*, No. 13-12-186-CR (Tex. App. — Corpus Christi-Edinburg 2013); (D.E. 16-1). Petitioner did not file a petition for discretionary review ("PDR") with the Texas Court of Criminal Appeals. (D.E. 1, Page 3). Petitioner filed a state habeas petition on or about August 7, 2013 which was denied without written order on findings of the trial court without a hearing on November 13,

2013.  (D.E. 16-6, Pages 6-17 and 84).  Petitioner then filed this federal habeas action which was received by the Court on January 12, 2021.  (D.E. 1, Page 10).[2]

## III. RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Respondent asserts this action should be summarily dismissed as time barred.  The undersigned agrees.  Petitioner's habeas petition is not timely filed pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA") which establishes a one-year statute of limitations period runs from the latest of four alternative dates:

(A) the date on which the judgment become final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  This period is tolled during the time a petitioner properly files for state post-conviction writ review.  28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.")  Petitioner filed his current petition after the effective

---

[2]Petitioner signed his petition on July 21, 2020.  (D.E. 1, Page 10).  However, the envelope has the mailing date stamped as January 6, 2021.  (D.E. 1, Page 13).  Regardless of which date is considered Petitioner's filing date, this Petition is clearly time barred for the reasons set forth in this M & R.

date of AEDPA and so is subject to its provisions. *Lindh v. Murphy*, 521 U.S. 320 (1997).

Petitioner did not file a PDR and therefore, his conviction became final on May 11, 2013, when the 30-day period for seeking discretionary review expired after his conviction was affirmed by the Thirteenth District Court of Appeals on April 11, 2013. *Butler v. Cain*, 544 F.3d 314, 317 (5th Cir. 2008); Tex. R. App. P. 68.2. As such, Petitioner had one year, until May 11, 2014, to timely file a federal application for habeas corpus relief. However, Petitioner's state habeas application filed on August 7, 2013 and denied on November 13, 2013, tolled the limitations period during this time. Therefore, Petitioner had until August 18, 2014 to file a federal petition challenging his conviction. Petitioner did not file his petition until January 6, 2021.

However, the one-year period of limitations in § 2244(d)(1) of AEDPA is not a jurisdictional bar and can be equitably tolled in rare and exceptional circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *Umana v. Davis*, No. 18-20127, 2019 WL 5106366, at *2-3 (5th Cir. Oct. 11, 2019). A petitioner is entitled to equitable tolling if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations omitted); *see also Palacios*, 723 F.3d at 604 (citing *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) (citations omitted)). "[N]either excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Id.*; *See also Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013) (citing *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) (It is "clear that a lack of knowledge of the

law, however understandable it may be, does not ordinarily justify equitable tolling.") (citation omitted). Nor does unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason) or lack of representation during the applicable filing period merit equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 393 (5th Cir. 1999) (citation omitted).

Petitioner does not allege any reasons to support suggest equitable tolling applies. Petitioner fails to allege sufficient "extraordinary circumstances" that prevented him from timely filing his claim. While Petitioner asserts it was difficult for him to access the prison law library, he did not diligently pursue his rights, delaying over six years past the deadline to properly pursue his federal habeas remedy. Additionally, Petitioner's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. Lastly, Petitioner's claim is based upon evidence available to him during the limitations period. Without a basis for equitable or statutory tolling, Petitioner's writ should be dismissed as time barred.

In his Petition, Petitioner asserts he was coerced into pleading guilty because his attorney and the prosecutor lied to him about the amount of evidence against him and he "did not commit that crime." (D.E. 1, Page 6). Therefore, it could be argued Petitioner asserts his actual innocence presents extraordinary circumstances which warrant an equitable exception to the limitations period. However, Petitioner provides no evidence or additional information in support of his allegation. "A claim of actual innocence, standing alone, is not a 'rare and exceptional circumstance' that warrants equitable tolling of the statute of limitations 'given that many prisoners maintain they are innocent.'"

*Jones v. Quarterman*, CIVA H-08-3212, 2009 WL 5216873, at *3–4 (S.D. Tex. Dec. 29, 2009) (citing *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000) (other citations omitted). However, the Supreme Court has held a plea of actual innocence may serve as a gateway exception through which a petitioner may avoid procedural bars or the expiration of the statute of limitations. *McQuiggins v. Perkins*, 569 U.S. 383, 386 (2013) (citation omitted). The Supreme Court made it clear, however, that "tenable actual-innocence gateway pleas are rare" and "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (citation omitted). Petitioner fails to cite to any evidence in his petition showing he satisfies the demanding actual innocence standard and does not provide any sufficient newly discovered evidence in support of his claim other than his own conclusory allegation. Further, Petitioner pled guilty to all three counts. (D.E. 16-4, Page 13). Therefore, it is respectfully recommended the Court find Petitioner fails to meet the actual innocence standard.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA"). A district court ruling on a petitioner's relief may *sua sponte* rule on a COA because it "is in the best position to determine

whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. (emphasis added).

In Petitioner's case, it is recommended that the Court find his claims be dismissed on procedural grounds. Reasonable jurists would not find that Petitioner has stated a valid claim of denial of a constitutional right, or that the assessment of limitations in this case is debatable. If the District Judge orders that Petitioner's habeas petition be denied and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the Court find a COA be denied because he has not made the necessary showing for issuance.

## V. RECOMMENDATION

For the reasons stated above, it is respectfully recommended the Court **GRANT** Respondent's Motion for Summary Judgment (D.E. 15) and **DISMISS** this action as time barred. The undersigned further recommends the Court **DENY** a Certificate of Appealability.

Respectfully submitted this 17th day of May, 2021.

                                                       *Jason B. Libby*
                                                   Jason B. Libby
                                     United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).